-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSTANT JEAN CAIDOR,

          Plaintiff,

          -v-

DIR (BFDF) TODD TRYON and
DEPARTMENT OF HOMELAND SECURITY,

          Defendants.
_____

DECISION AND ORDER
11-CV-6379L

## INTRODUCTION

Plaintiff, Constant Jean Caidor, filed this action *pro se*, claiming that the defendants are violating his rights in regard to detention conditions at the Buffalo Federal Detention Facility. He has also requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff has met the statutory requirements to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed as a poor person is granted.[1]

In addition, plaintiff's complaint has been reviewed by the Court with respect to the 28 U.S.C. § 1915(e)(2)(B) criteria. Plaintiff, a civil immigration detainee in a federal facility, appears to be bringing a claim related to injuries he suffered from falling out of a top bunk of a bed in July 2011 (Docket No. 1). Plaintiff has also filed a motion for miscellaneous

---

[1] Plaintiff, an immigration detainee, is not a "prisoner" pursuant to the Prison Litigation Reform Act, and therefore, is not required to pay the filing fee. 28 U.S.C. § 1915(g); *see Gashi v. County of Westchester*, No. 02Civ.6934(GBD), 2005 WL 195517, at *5-6 (S.D.N.Y. Jan. 27, 2005)(citations omitted). A review of the Court file indicates that on August 1, 2011, the Clerk's office sent a letter to the Buffalo Federal Detention Facility asking that they withdraw the filing fees from the plaintiff's account based on the Prison Litigation Reform Act. As indicated by this Order, the Clerk's Office is directed to notify the detention facility to return any money withdrawn from the plaintiff's account and the Clerk's Office is directed to do the same.

relief seeking to add "neglect of medical care" to his complaint based on the defendants' failure to treat his "Hep C" and requests an order directing that he have access to his medical records (Docket No. 3).

For the reasons discussed below, plaintiff is directed to file an amended complaint with the Court for review. His motion for miscellaneous relief is denied.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Therefore, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also *Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, . . . , and a *pro se* complaint, however

2

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 551 U.S. at 94 (internal quotation marks and citations omitted).

## Nature of Claim

Plaintiff filed this case using a form complaint for actions under the Civil Rights Act, 42 U.S.C. § 1983 (Docket No. 1). Defendants who are employees of the federal government are not deemed persons acting under color of state law pursuant to 42 U.S.C. § 1983. Section 1983 provides redress for individuals who have been injured by a person acting under color of *state* law; it does not create a cause of action against persons who act under color of *federal* law. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 398(1971) (Harlan, J., concurring). However, in view of plaintiff's *pro se* status, the Court will construe his claims as an action under *Bivens.*[2] *See Tavarez v. Reno,* 54 F.3d 109 (2d Cir. 1995). "To state a claim under *Bivens,* a plaintiff must allege that an individual defendant personally committed a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known. *Adekoya v. Holder,* 751 F. Supp. 2d 688, 694 (S.D.N.Y. 2010) ((citing *Barbera v. Smith,* 836 F.2d 96, 99 (2d Cir.1987)). The complaint is reviewed under this standard.

## Defendants

In his complaint, plaintiff names as defendants Todd Tryon, identified as the Director of the Buffalo Federal Detention Facility; and the Department of Homeland Security. Plaintiff brings this action against each defendant in his official capacity seeking only monetary relief. As described below, plaintiff's claim against the Department of Homeland

---

[2] Plaintiff may also have a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.*

3

Security is without legal foundation. In addition, plaintiff may not bring a claim against defendant Tryon in his official capacity.

In *Bivens, supra*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983. However, *Bivens* claims are available only against federal government *officers* in their *individual* capacities. The federal government itself and its agencies are immune from suit absent a waiver of sovereign immunity, *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994), and the United States Supreme Court has specifically declined to waive such immunity to allow a claim against a federal agency under *Bivens, id.* at 486. Accordingly, plaintiff's claim against the Department of Homeland Security is dismissed with prejudice. Plaintiff may also not bring a claim for damages against defendant Tryon in his *official* capacity. In light of plaintiff's *pro se* status, however, the Court will interpret plaintiff's complaint as naming defendant Tryon in his individual capacity. As discussed below, however, plaintiff has not plead sufficient facts for the claim to proceed forward against defendant Tryon in his individual capacity. Plaintiff will be given an opportunity to file an amended complaint.

**Personal Involvement**

*Bivens* provides a remedy for intentional deprivations of constitutional rights by authorizing lawsuits against responsible federal officials in their individual capacities. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994). However, to establish a *Bivens* claim, a plaintiff must allege facts showing that the individual defendants participated in the alleged constitutional violation. Conclusory allegations, standing alone,

are not sufficient. *See Barbera v. Smith,* 836 F.2d 96, 99 (2d Cir.1987) (plaintiff failed to plead a cognizable claim by not alleging any personal involvement by the defendant supervisor).

The personal involvement of a defendant may be alleged by facts indicating that the defendant

> (1) participated directly in the alleged constitutional violation; (2) was informed of the violation and failed to remedy it; (3) created, or permitted continuation of, a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) failed to act on information indicating the unconstitutional acts were occurring.

*Adekoya v. Holder,* 751 F. Supp. 2d 688, 695 (S.D.N.Y. 2010) ((citing Thomas v. Ashcroft, 470 F.3d 491, 496–97 (2d Cir.2006)).

Plaintiff has not alleged facts indicating that defendant Tryon was involved in or responsible for his fall from his bed. Plaintiff merely states that he was "in the care of DIR Todd Tryon...." This conclusory statement does not provide sufficient allegations that defendant Tryon was personally involved in placing plaintiff in a top bunk, or in the fall itself.

Also, to the extent that plaintiff is attempting to establish that defendant Tryon is responsible for the actions of subordinate staff, plaintiff is advised that the fact that a defendant ultimately supervises those persons who allegedly violated petitioner's constitutional rights is not enough to substantiate a *Bivens* claim against the defendant. *See Leonhard v. United States,* 633 F.2d 599, 621 n.30 (2d Cir.1980) (affirming dismissal of action against federal defendants because there was no allegation that they participated personally in the alleged constitutional deprivation). Supervisors are not liable under

5

*Bivens* based solely on the alleged misconduct of their subordinates. *See Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir.1981) (respondeat superior generally does not apply in *Bivens* - type actions) (citations omitted).

Plaintiff will be given an opportunity to file an amended complaint. In the amended complaint, plaintiff should provide facts alleging defendant Tryon's personal involvement in this matter or this defendant will be dismissed from this action. In the amended complaint, plaintiff may also name other defendants he believes to have been personally involved in the actions of which he is complaining and provide facts in support of those claims.

**Elements of the Claim**

Plaintiff appears to be bringing claims based on injuries suffered when he fell off the top bunk of his bed. Plaintiff provides minimal allegations other than that while he was sleeping he fell off the bed. The due process clause of the Fifth Amendment to the United States Constitution applies to claims brought by immigration detainees against federal defendants for failure to protect a detainee's health and safety. To establish this Fifth Amendment claim, the plaintiff must allege a significantly "serious" condition, and the defendants' "deliberate indifference" in response. *Cuoco v. Moritsuga*, 222 F.3d 99, 106-107 (2d Cir. 2000); *Adekoya*, 751 F. Supp. 2d at 688, 694-695.

The Plaintiff will need to provide additional information to support this claim. Plaintiff is directed to address these issues in an amended complaint. In the amended complaint plaintiff should provide information as to what caused him to fall from the bed and in what way he believes the defendants are responsible for this event.

## AMENDED COMPLAINT

Plaintiff will be given an opportunity to file an amended complaint that names as defendants those individuals who he alleges are responsible for his injuries regarding his fall from his bed, the denial of medical care for Hepatitis C, and any other related claims. As addressed above, plaintiff should provide facts in support of the claims that he brings.

## MOTION FOR MISCELLANEOUS RELIEF

Plaintiff has filed a motion for miscellaneous relief seeking to add "neglect of medical care" to his complaint based on the defendants' failure to treat his "Hep C" and requests an order directing that he have access to his medical records (Docket No. 3).

Plaintiff's motion for miscellaneous relief is denied. As discussed above, plaintiff will be given an opportunity to file an amended complaint that includes fall from his bed, the denial of medical care for Hepatitis C, and any other related claims. If this case proceeds forward after plaintiff files an amended complaint, plaintiff may serve a discovery request on the defendants for the medical records he is seeking after the defendants are served with the amended complaint.

## CONCLUSION

For the reasons set forth above, the Department of Homeland Security is dismissed as a defendant in this action. The claims against defendant Tryon in his official capacity are dismissed, and the claims are deemed to be against defendant Tryon in his individual capacity. Plaintiff's motion for miscellaneous relief is denied.

Unless plaintiff files an amended complaint by **November 11, 2011**, in which he includes the necessary allegations regarding his claims as directed above and in a manner

that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants and regarding each claim he wishes to raise in this amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the Clerk is directed to advised the Buffalo Federal Detention Facility that they are not to withdraw funds from the plaintiff's account for purposes of the filing fee in this action, and any money already deducted is to be returned to the plaintiff's account by Buffalo Federal Detention facility and the Court Clerk's Office;

FURTHER, that the Department of Homeland Security is dismissed as a defendant in this action;

FURTHER, that the claims against defendant Tryon in his official capacity are dismissed, and the claims are deemed to be against defendant Tryon in his individual capacity;

FURTHER, Plaintiff's motion for miscellaneous relief is denied;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **November 11, 2011**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this Order a copy of the original complaint, a copy of his request for miscellaneous relief, a blank civil complaint non-prisoner form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **November 11, 2011**, the complaint shall be dismissed without prejudice without further order of the Court;

FURTHER, that in the event that this case is dismissed because plaintiff has failed to file an amended complaint by **November 11, 2011**, the Clerk of the Court shall close this case as dismissed without prejudice; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **November 11, 2011**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:     Oct. 5        , 2011
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge