UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSTANT JEAN CAIDOR

                      Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                      11-CV-6379L

                    v.

DIR (BFDF) TODD TRYON,

                      Defendant.
_____

       Plaintiff, Constant Jean Caidor, appearing *pro se*, commenced this civil rights action against Todd Tryon, the director of the Buffalo Federal Detention Facility ("BFDF"). At the time of the filing of the complaint, plaintiff was being held in custody at BFDF. He has asserted various claims relating to an alleged denial of medical care for injuries that he allegedly sustained after falling from a top bunk at BFDF.

       Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion.

       The original motion scheduling order issued by the Court, which was sent to the address listed on the complaint, was returned as undeliverable. The order was then re-sent to plaintiff's updated address in Brooklyn, New York. That order, too, was returned as undeliverable. Plaintiff has not responded to the motion or contacted the Court since before the motion was filed in April 2012.

       Under these circumstances, I find that the complaint must be dismissed for failure to prosecute. Federal courts are vested with the inherent authority of to dismiss a plaintiff's action with prejudice because of his failure to prosecute, "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *McCants v. McCoy*, No. 00-CV-6444, at \*4 (W.D.N.Y. Nov. 6, 2008) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).

In addition, under this district's Local Rules, *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant ... . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Local Rule Of Civil Procedure 5.2(d).

Typically, when a party has failed to prosecute a case for an extended period, the Court sends an order to both sides directing them to show cause why the action should not be dismissed for failure to prosecute. *See* Local Rule 41(b). It would be pointless here to send such an order to plaintiff, however, since he is apparently no longer receiving mail at the most recent address that he provided to the Court. The Court has thus been effectively prevented from warning plaintiff that this action is subject to dismissal, due to his own failure to keep the Court apprised of his address. Under these circumstances, and given plaintiff's apparent cessation of interest in continuing to prosecute this action, I conclude that the complaint should be dismissed, with prejudice, for failure to prosecute. I therefore find it unnecessary to address the merits of defendant's motion to dismiss.

## CONCLUSION

The complaint in this case is dismissed with prejudice, for failure to prosecute, pursuant to this Court's inherent power and Rule 41(b) of the Local Rules of Civil Procedure. Defendant's motion to dismiss (Dkt. #11) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 11, 2012.